NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29816

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KENNETH HOPKINS, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0022; CRIMINAL NO. 97-1236)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Petitioner-Appellant Kenneth Hopkins (**Hopkins**) appeals the Findings of Fact, Conclusions of Law, and Order Dismissing Petition for Post-Conviction Relief Without A Hearing (**Order Denying Post-Conviction Relief**), filed on August 29, 2008, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On May 27, 1997, Hopkins was charged with Theft in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 708-830.5(1)(a) (1993) and 708-830 (1993), Computer Fraud, in violation of HRS § 708-891(1)(b) (1993), and Money Laundering, in violation of HRS §§ 708A-3(a)(1)(A) (Supp. 1996) and 708A-3(d)(2) and (e) (Supp. 1996).[2]

On July 7, 2004, a change of plea hearing was held before the Circuit Court and Hopkins entered a no contest plea to the charges. On September 28, 2004, a Judgment was entered. Hopkins was adjudged guilty of the charges and sentenced to five years of probation for each count, to be served concurrently, along with a free-standing order for restitution in the amount of $35,725.56. In the special terms and conditions of probation,

---

[1] The Honorable Karen S.S. Ahn presided.

[2] All statutory citations herein refer to these versions of the applicable statutes.

Hopkins was required, *inter alia*, to pay at least $200 per month in restitution.

At an April 12, 2007 hearing on a motion for revocation of probation and resentencing, the Circuit Court resentenced Hopkins to ten years of incarceration each for Theft in the First Degree and Money Laundering, and five years of incarceration for Computer Fraud, terms to run concurrently. As part of the resentencing, Hopkins was ordered to pay 10% of his gross prison wages towards the restitution amount of $35,725.56 while he is incarcerated and at least $200 per month upon his release.[3/]

On May 23, 2008, Hopkins filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**Petition**), pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (**HRPP**). Hopkins asserted the following grounds for relief:

> A. Ground one: Ineffective assistance of counsel, counsel failed to subject this case to meaningful adversarial testing.
>
> > Supporting Facts (tell your story briefly without citing cases or law):
> > There was no review of the facts of this case; no witness was questioned, facts were not confirmed by investigation.
>
> B. Ground two: Failure to disclose facts in this case favorable to the defendant; neither defense counsel nor the prosecution.
>
> > Supporting Facts (tell your story briefly without citing cases or law):
> > The police investigative summary of the case states through plain language that the charges are wrong, also principle witnesses confirm access was not available to defendant.
>
> C. Ground three: Ineffective assistance of counsel; during the sentencing portion of the proceeding.
>
> > Supporting Facts (tell your story briefly without citing cases or law):
> > Counsel failed to present relevant documentation to the court to controvert the probation report, no diligence.

---

[3/] The Honorable Karl K. Sakamoto presided.

D. Ground four: Sentencing outside of guidelines set
by the Paroling Authority to allow consistency.

Supporting Facts (tell your story briefly
without citing cases or law):
Paroling Authority acted as a mere rubber stamp
for the recommendations given by the prosecutor,
no review of facts.

13. If any of the grounds listed in 12A, B, C, and C
were not previously presented, state briefly what
grounds were not so presented, and give your reasons
for not presenting them:

Malfeasance by the Prosecuting Attorney by
disregarding the facts or any mitigating factors
involve (sic) in the case to get a fast judgment.

On June 24, 2008, Hopkins filed a Declaration of
Exhibits: A-D. On July 7, 2008, the State filed an answer to the
Petition. On July 24, 2008, Hopkins filed further papers in
support of the Petition. On August 29, 2008, the Circuit Court
entered the Order Denying Post-Conviction Relief, which denied
all requested relief without a hearing.

On appeal, Hopkins asserts the same grounds for relief
but does not provide any argument with respect to the alleged
malfeasance by the Prosecuting Attorney.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, we
resolve Hopkins's points of error as follows:

(1) Hopkins has not demonstrated that he was provided
with ineffective assistance of counsel in conjunction with his no
contest plea. In his no contest plea agreement and in his
detailed colloquy with the court, Hopkins explicitly agreed that
he did not want to contest the charges against him, including the
charge of Computer Fraud, and gave up his right to a trial.
Defense counsel was not obligated to argue to the deputy
prosecuting attorney that Hopkins should not be charged with
Computer Fraud because a previously-assigned deputy prosecuting

3

attorney may have declined to bring that charge. See State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003).

(2) We reject Hopkins's claim that a document indicating that co-defendant David Mack (**Mack**) was the only authorized person to make entries into a computer payroll system, and that Mack required a special code to gain access, would have affected his decision to plead no contest to Computer Fraud. In order to convict a defendant of Computer Fraud in violation of HRS § 708-891(1)(b), the State needs to prove that the defendant "accesses or causes to be accessed any computer, computer system, computer network, or any of its parts with the intent of obtaining money, property, or services by means of embezzlement or false or fraudulent representations[.]" Accordingly, it was not necessary for the State to prove that Hopkins could directly access the computer payroll system in this case. Indeed, Hopkins must have been aware of his own access rights, or lack thereof, at the time of the plea. Upon review of Hopkins's other arguments and "supporting facts," Hopkins cannot establish that specific errors or omissions reflecting counsel's lack of skill, judgment or diligence resulted in a loss or substantial impairment of a potentially meritorious defense.

(3) Hopkins's claim that his counsel was ineffective at the probation revocation and resentencing hearing because counsel failed to introduce documents to refute a probation officer's report is without merit. The record on appeal does not contain a copy of a probation officer's report or the motion to revoke probation. However, a copy of a transcript of the probation revocation and resentencing hearing is in the record. After Hopkins's counsel stipulated to the factual information in a probation officer's affidavit, he explained that there were a number of "mixups" and that Hopkins had shown him documents that verified that Hopkins attempted to contact his probation officer. Hopkins then addressed the Circuit Court directly and stated that

he could not attend appointments with his probation officer because of his employment, and that he had made a mistake in using drugs.  In addition, the documents that Hopkins provided do not refute an allegation of a positive urinalysis.  An October 26, 2004 document, for example, states that Hopkins failed to report to the adult probation office.  Even if this document were admitted, it would have corroborated the probation officer's report rather than refuted that Hopkins failed to report to his probation officer.  None of the documents that Hopkins provided with his petition support the allegation that omissions of counsel resulted in the loss or substantial impairment of a potentially meritorious defense to his probation violation.  Therefore, Hopkins failed to demonstrate that counsel was ineffective.

(4)  Pursuant to HRS §§ 708-830.5(2), 708-891(2), 708A-3(d) and (e), and 706-660, the Circuit Court properly sentenced Hopkins to indeterminate ten-year terms for Theft in the First Degree, a Class B Felony, and Money Laundering, a Class B felony, and an indeterminate five-year term for Computer Fraud, a Class C Felony.  Pursuant to the HPA's Guidelines For Establishing Minimum Terms of Imprisonment, July 1989 (**HPA Guidelines**), HPA must determine which one of three possible levels of punishment a defendant falls within.  The HPA Guidelines provide:

> The purpose of minimum sentencing guidelines is to provide a degree of uniformity and consistency in the setting of minimum terms while providing the community-at-large, public policy makers and planners, the criminal justice system, and victims and offenders with information as to the criteria used in establishing minimum terms of imprisonment.
> . . . .
> [HPA] may deviate from the guidelines, either above or below, but all deviations shall be accompanied by written justification and be made a part of the Order Establishing Minimum Terms of Imprisonment (DOC # 10029).

In HPA's Notice and Order of Fixing Minimum Term(s) of Imprisonment, Hopkins was determined to be in Level of Punishment III.  Under the HPA Guidelines, for a Level III defendant, the

minimum sentence range for a sentence of ten years is five-to-ten years and the minimum sentence range for a sentence of five years is three-to-five years. Hopkins's minimum sentence falls within the Level III sentencing range for each of his sentences.

The written explanation of the determination of the level of punishment, however, does not appear, on its face, to be consistent with HPA's criteria for determining the appropriate level of punishment. The HPA Guidelines state that the criteria used to designate a defendant for Level III sentencing includes: (1) the nature of offense; (2) the degree of injury/loss to person or property; (3) the criminal history; (4) the character and attitude of Offender with respect to criminal activity or lifestyle; (5) the efforts made to live pro-social life prior to commitment to prison; and (6) the involvement of offender in the instant offense(s). The HPA identified only two factors as significant when it determined Hopkins's level of punishment, degree of loss to property and probation revocation. Under the HPA's degree of injury/loss to person or property criteria, HPA considers whether: "The injury or loss suffered by the victim(s) was **more** than those experienced by similarly-situated victims." Although Hopkins's pled no contest to Theft in the First Degree, and it was alleged that the illegally-obtained funds were more than $20,000, it is not clear how the HPA determined that the loss suffered was more than similarly-situated victims. By definition, in order to convict a defendant of Theft in the First Degree, a defendant must have illegally obtained more than $20,000 from the victim. HRS § 708-830.5. As all victims of Theft in the First Degree must suffer a loss in excess of $20,000, similarly-situated victims would appear to have substantially the same loss as Hopkins's victims, and HPA provided no statement or explanation to the contrary. In addition, probation revocation is not one of the criteria used to establish that a defendant warrants Level of Punishment III.

Instead, under the HPA Guidelines, the type of probation revocation imposed on Hopkins is identified in conjunction with Level of Punishment I. HPA is not free to deviate from the Guidelines, without a written justification for the deviation. See Coulter v. State, 116 Hawai'i 181, 172 P.3d 493 (2007). Hopkins has stated a colorable claim with respect to the HPA's determination of his minimum sentence. Barnett v. State, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999).

(5) Hopkins does not provide any argument with respect to alleged malfeasance by the prosecuting attorney. Therefore, the point of error is waived. See HRAP Rule 28(b)(7).

For these reasons, the Circuit Court's August 29, 2008 Order Denying Post-Conviction Relief is affirmed in part and vacated in part. This case is remanded for a hearing on Hopkins's minimum sentencing claim.

DATED: Honolulu, Hawai'i, April 29, 2010.

On the briefs:

Kenneth G. Hopkins
Pro Se Petitioner-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge